## GEORGE M. NICHOLS v. J. S. ABLE AND OTHERS.

Suit on a bill of exchange, by an indorsee against the drawers; plea of former judgment recovered on same cause of action, by a previous holder, in the State of Louisiana, without averment that such judgment had been paid; proof of former judgment as pleaded, but it appeared that the defendants had been cited by posting at the Court House only; that thirty-one bales of cotton had been attached in said suit; that one of the defendants, with the present plaintiff as his surety, gave bond to the Sheriff, in the amount of the plaintiff's claim, for the forthcoming of the property attached, in case judgment should be rendered against the defendants or either of them; that there was no appearance for defendants, except by a curator *ad hoc*, appointed by the Court; judgment, and execution returned no property found; *Held*, that such former judgment was no bar to the present suit, unless it was alleged and proved that the same had been paid by the defendants, and that its payment by the present plaintiff, who was surety in the forthcoming bond, was a good consideration for the assignment of the original cause of action to him, and not an extinguishment thereof, as to the defendants.

Appeal from Cherokee. Suit by appellant against appellees on a draft drawn by the defendants on New Orleans, in favor of Mygatt & Edwards, endorsed to Justin Edwards, by him endorsed to the plaintiff. Amongst other defences, not necessary now to be noticed, the defendants pleaded a former recovery of judgment on the said draft, against these defendants, in Louisiana, by Justin Edwards, of which the plaintiff had

notice.　It was not alleged that said judgment had been paid. The defendants proved the former judgment as alleged ; but it appeared from the transcript thereof, that the defendants had not been cited, except by posting at the Court House door ; that thirty-one bales of cotton had been attached in said suit ; that one of the defendants, with the present plaintiff as his surety, gave bond to the Sheriff, in the amount of the plaintiff's claim, for the forthcoming of the property attached, in case judgment should be rendered against the defendants or either of them ; that there was no appearance for defendants, except by a curator *ad hoc*, appointed by the Court.　Execution on the judgment had been returned no property.

There was testimony in the record tending strongly to prove that the defendants had put the plaintiff in funds to discharge his liability on the forthcoming bond ; but the charge of the Court made the case turn on the effect of the former judgment. The charge was as follows :

If the jury believe . that the bill of exchange here sued on was the same as the one named in the record from the District Court of the Parish of Caddo and State of Louisiana, then the plaintiff cannot recover, on the allegations in his petition, because the bill of exchange was, by the suit in Louisiana, merged in the proceedings and judgment in said cause, and cannot now be regarded as a sufficient evidence of debt, itself to maintain this action.　If Nichols, by reason of signing the replevy bond, paid the recovery in Louisiana, his action should have been to recover back such payment, and not an action *per se* on the bill of exchange.

Verdict and judgment for defendants.

*Donley & Anderson*, for appellant.　That the foundation of the action shall be merged in the judgment, as charged by the Court, the Court of Louisiana must not only have had jurisdiction of the subject matter of the suit, but also of the defendants, by personal service of process, or appearance.　Judgment against a party without service of process or appearance is not

sufficient evidence of indebtedness to maintain a suit in the Courts of this State. (Woodward v. Turner, 6 Pick. R. 354; Aldrich v. Kinney, 4 Conn. R. 380; Wheeler v. Raymond, 8 Cow. R. 311; Shumway v. Stillman, 6 Wend. R. 447; Miller v. Miller, 1 Bailey, 242; Overstreet v. Shannor, 1 Mis. 529; Robinson v. Ward, 8 Johns. 86; Pawling v. Bird, 13 Id. 192; Chamberlain v. Faris, 1 Mis. 517; 2 U. S. Dig. p. 668–69.)

It may be contended that the bond executed by plaintiff and Able to the Sheriff, is an appearance. (Hart. Dig. Art. 35.) We think it is sufficient answer to this position, that it is not averred that by the laws of Louisiana, the giving of this bond was an appearance. (Trigg v. Moore, 10 Tex. R. 197.)

But should the law of Louisiana, in the absence of allegation or proof, be held the same as in this State, the bond cannot be held as an appearance of the defendant executing it.

Nor would a judgment against several, when one only had been served or had appeared, authorize the plaintiff, or the assignee of the judgment, to sue upon the same, out of the State where it was rendered, even against the party who was served or appeared.

Again, if the judgment had been regularly obtained in Louisiana, it would not merge the original cause of action, so as to bar this suit, unless that judgment had been satisfied. (Hays v. Craig, 2 Tex. R. 501; Story's Conflict of Laws, Sec. 599.)

We have endeavored to show that no action can be maintained upon the judgment of Edwards v. the defendants, obtained in the District Court of Louisiana; if we are correct in this, that judgment certainly did not merge the cause of action upon which it is founded.

*Shanks & Bonner*, for appellees. There is a marked distinction between a suit brought to enforce a foreign judgment, and a plea of former judgment in bar, by way of defence to a fresh action. In the latter case, if the judgment had been pronounced by a Court of competent jurisdiction and carried into

effect, it was an absolute bar between the parties and their privies. It is then *res judicata*, which ought to be considered evidence of right. This distinction has been frequently recognized as having a just foundation in international justice. (Story's Conf. Laws, Sec. 598 ; Story on Contracts, Sec. 990 ; 2 Kent, 119–20, and authorities cited.) Much more, then, under our laws, should the judgment of a sister State be a bar.

The District Court of Louisiana is presumed to have had jurisdiction. Even "a foreign judicatory is never supposed to exceed its powers, until it is proved." (Turner v. Lambeth, 2 Tex. R. 365.) Every presumption is in favor of the jurisdiction and the judgments of Courts.

"Jurisdiction, to be properly exercised, must be founded on "the person being within the territory, or the thing being "within the territory." (Story's Conf. Laws, Sec. 539.)

The cotton being within the jurisdiction of the Court, and levied upon by its process, this proceeding *in rem* of itself was sufficient to give jurisdiction. (Authority above cited, also Campbell v. Wilson, 6 Tex. R. 379.)

Admitting it to be true, that there was no personal service on defendants, yet it is respectfully submitted that this is a matter of which appellant has no right to complain. Personal service is a privilege of defendants, and if they see proper to waive it, they certainly have the right to do so. It will be found that the reported cases in which the want of personal service was considered a defect in the judgment of a sister State, originated in the instances in which those judgments were sought to be made the foundation of new suits, and not where they were set up as a defence.

But did not the Court of Louisiana have jurisdiction over the person of defendant Able, as well as over his property? Though not formally served with process personally, he was by published notices, was represented by attorney in Court, and came in and replevied the property levied by attachment, thus becoming personally conversant of the proceedings of the Court, and placing himself under its jurisdiction. (2 Cow. &

Hill's Notes to Phill. Ev. 112–13, and cases cited; 2 Wend. R. 159.)

WHEELER, J. The principal and only question which it is deemed material to consider, is, as to the effect of the former judgment recovered in the attachment suit in the State of Louisiana. The Court ruled, that the original cause of action was merged in the judgment, and held it a bar to the present action. This opinion appears to have controlled the verdict, and to have been the ground of the judgment rendered for the defendant in the case; in which, we think, the Court erred.

Had there been personal service upon the defendants, or had they appeared and answered to the suit in which the judgment was rendered, in Louisiana, a very different case would have been presented, and one to which the principle of law, maintained by the Court, would have been applicable. But the proceeding was by attachment. It appeared that the defendants were non-residents, and that they resided in this State; and there was neither the service of process upon, nor any appearance by them. Consequently, except as to the property attached, the Court had not jurisdiction. Its judgment was not evidence of indebtedness, or at all operative *in personam;* and, of consequence, it could not operate to merge or extinguish the original cause of action, or to bar the right of action upon it in this State. " Whether jurisdiction be founded upon " the person being within the territory, or the property being " there, the judgment will be deemed valid, so far as the juris- " diction could legitimately extend; but no farther. Thus, a " very common course, in many of the United States, and in " many other countries, is to proceed against non-residents, by " an arrest or attachment of their property, within the terri- " tory. Judgment obtained upon process of this kind, will " generally bind the property so arrested or attached; for to " that extent the Court has or can have jurisdiction. But such " judgment will not be regarded by neighboring States or other " nations as evidence of indebtedness, or as operative in any

"measure *in personam;* and for this very obvious reason, viz: "that except so far as the property attached is concerned, "there is and can be no jurisdiction, no power of adjudication." (Cowen & Hill's Notes to Phill. Ev. Part 2, p. 111, n. 59, and numerous cases cited.)

If the property attached had been sold, or appropriated by the proceeding in attachment, it would have operated as a payment or satisfaction, *pro rata*, of the original cause of action; but not as a merger of it. But it appears the property was replevied, and restored to the possession of the defendants; and the proceeding, therefore, is without force or validity, and can be of no avail to either plaintiff or defendant therein, in any suit thereafter instituted, upon the same cause of action, in the Courts of this State. If, as suggested, the judgment was satisfied by the present plaintiff, that certainly was a good consideration for the assignment and transfer of the cause of action to him; but surely it cannot be contended that it extinguished the cause of action, as to the defendants.

The question of the effect of the want of notice of the dishonor of the bill, can be better determined upon the evidence upon another trial. We are of opinion that the judgment be reversed and the cause remanded.

Reversed and remanded.